UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PREMIER FRANCHISE
MANAGEMENT LLC,

      Plaintiff,

v.                                                     Case No: 6:23-cv-2364-JSS-LHP

POOLSCAPES FLORIDA, INC.,
PINNACLE POOLS & SPAS CF,
INC., PINNACLE POOLS & SPAS
FLORIDA, INC., PINNACLE POOL
COMPANY, INC., PINNACLE POOL
CONSTRUCTION, INC., ANDREA
N. SZAFRAN, and MATTHEW R.
SZAFRAN,

      Defendants.
_____/

## ORDER

The parties jointly move the court to enter a stipulated permanent injunction. (Dkt. 88; *see* Dkts. 88-1, 88-2 (the stipulated permanent injunction and its exhibit).) In the joint motion, Plaintiff represents that entry of the injunction "resolves the injunctive relief" it seeks in its motion for preliminary injunction (Dkt. 40) and amended complaint (Dkt. 29) but does not fully resolve this case because Plaintiff "may continue to seek the monetary relief sought in the [a]mended [c]omplaint." (Dkt. 88 at 2; *see* Dkt. 29 at 20–24.) Upon consideration, for the reasons that follow, the court grants the joint motion (Dkt. 88), enters the stipulated permanent injunction below, and denies as moot Plaintiff's motion for preliminary injunction (Dkt. 40).

Federal Rule of Civil Procedure 65 requires "[e]very order granting an injunction" to "state the reasons why [the injunction] issued," "state [the] terms [of the injunction] specifically," and "describe in reasonable detail—and not by referring to [a] complaint or other document—the act or acts restrained or required" by the injunction. Fed. R. Civ. P. 65(d)(1). "The [c]ourt issues the injunction set forth below because [Defendants have] consented to its terms and because its issuance obviates the need for any further litigation regarding" the injunctive relief sought in the amended complaint. *See Sec. & Exch. Comm'n v. Rivers*, 272 F.R.D. 607, 608 (M.D. Fla. 2011) (citing *Chathas v. Local 134 Int'l Bhd. of Elec. Workers*, 233 F.3d 508, 513 (7th Cir. 2000)). "The [c]ourt additionally finds that the terms of the injunction are set forth with specificity and that the acts restrained or required are described in sufficient detail to 'apprise those within its scope of the conduct that is being proscribed.'" *See id.* (quoting *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1185 (11th Cir. 2010)).

Accordingly:

1. The parties' joint motion (Dkt. 88) is **GRANTED**.

2. Plaintiff's motion for preliminary injunction (Dkt. 40) is **DENIED as moot**.

3. The following stipulated permanent injunction is **ENTERED**:

## STIPULATED PERMANENT INJUNCTION AGAINST DEFENDANTS

**THIS MATTER** having been brought before the Court by way of a Joint Motion for Entry of a Stipulated Permanent Injunction Against Defendants, and good cause having been shown:

IT IS HEREBY ORDERED that Poolscapes Florida, Inc. (now named Pinnacle Pool & Spa Company), Pinnacle Pools & Spas CF, Inc., Pinnacle Pools & Spas Florida, Inc., Pinnacle Pool Company, Inc., Pinnacle Pool Construction, Inc., Andrea N. Szafran (a/k/a Andrea Bannon), and Matthew R. Szafran (a/k/a Matthew Ross) (individually, collectively and in any combination, "Defendants"), along with all of their officers, agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them, are hereby PERMANENTLY ENJOINED, jointly and severally, from using in any manner the phrase "a passion for splashin'," the name "Pinnacle," the name "Pinnacle Pools & Spas," the name "Pinnacle Pool & Spa," the name "Premier," the name "Premier Pools & Spas," the name "Premier Pool & Spa," any other registered trademark/logo of Premier Franchise Management LLC ("Premier"), or any variations thereof or any names/logos confusingly similar thereto, alone or in combination with the logo with the white water waves design underneath and/or the surrounding blue oval design (logo attached hereto as Ex. A), including without limitation: (i) in a business name (including without limitation, "Pinnacle Pool & Spa Co.", "Pinnacle Pool & Spa Company", "Pinnacle Pools & Spas CF, Inc.", "Pinnacle Pools & Spas Florida, Inc.", "Pinnacle Pools Company, Inc." and/or "Pinnacle Pools Construction, Inc."); (ii) in connection with any website (including without limitation, the website www.pinnaclepoolco.com); (iii) in connection with any email account (including without limitation, @pinnaclepoolco.com, @pinnpool.com, and @pinnpools.com ); (iv) in connection with any social media site; (v) in connection

with any marketing, advertising or promotion; (vi) in connection with any telephone numbers and/or listings; (vii) in connection with any signage; and/or (viii) in connection with any pool design plans.

IT IS FURTHER ORDERED that Defendants, along with all of their officers, agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them, shall move with all deliberate speed to accomplish all required actions of this Stipulated Permanent Injunction and, to that end, shall within twenty (20) days from the date of this Order:

1. exercise all reasonable efforts to remove in any manner, including without limitation, from all business entity names, websites, email accounts, social media sites, marketing, advertising, promotions, telephone numbers and/or listings, signage, and pool design plans the phrase "a passion for splashin'," the name "Pinnacle," the name "Pinnacle Pools & Spas," the name "Pinnacle Pool & Spa," the name "Premier," the name "Premier Pools & Spas," the name "Premier Pool & Spa," any other registered trademark/logo of Premier, or any variations thereof or any names/logos confusingly similar thereto, alone or in combination with the logo with the white water waves design underneath and/or the surrounding blue oval design (logo attached hereto as Ex. A); and

2. exercise all reasonable efforts to cancel any assumed name or equivalent registration which includes "a passion for splashin'," "Pinnacle," "Pinnacle Pools & Spas," "Pinnacle Pool & Spa," "Premier," "Premier Pools & Spas,"

"Premier Pool & Spa," any other registered trademark/logo of Premier, or any variations thereof or any names/logos confusingly similar thereto (including without limitation, "Pinnacle Pool & Spa Co.", "Pinnacle Pool & Spa Company", "Pinnacle Pools & Spas CF, Inc.", "Pinnacle Pools & Spas Florida, Inc.", "Pinnacle Pools Company, Inc." and/or "Pinnacle Pools Construction, Inc.

Defendants shall notify Premier in writing within twenty (20) days from the date of this Stipulated Permanent Injunction that such items have been completed. In the event that Premier becomes aware after the twenty-day period of any failure by Defendants to accomplish the requirements of Subparagraphs 1 and 2 of this Paragraph, Premier shall provide written notice to Defendants of such violation and Defendants shall have twenty (20) days from the date of notice to cure such failure.

IT IS FURTHER ORDERED that Defendants, along with all of their officers, agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them, shall not at any time in the future contest in any manner Premier's rights, title and interest in, or its use of, the phrase "a passion for splashin'," the name "Pinnacle," the name "Pinnacle Pools & Spas," the name "Premier," the name "Premier Pools & Spas," or any other registered trademark/logo of Premier.

IT IS FURTHER ORDERED that for a period of two years from the date of this Stipulated Permanent Injunction, Defendants shall not, directly or indirectly (including without limitation, through any person or entity acting in concert or

participation with them or through Defendants' officers, agents, servants, employees, representatives, successors and assigns) engage in or invest in, own, manage, operate, finance, control, or participate in the ownership, management, operation, financing, or control of, be employed by, associated with, or in any manner connected with, lend their name or any similar name to, or render services or advice to a business that sells, constructs, remodels, or supervises the construction or remodeling of, pools or spas within 50 miles of the Territory of each of the Franchise Agreements or 50 miles of the Territory of any business owned or operated by Premier or any of its affiliates, franchisees or licensees; and further Defendants shall:

1. provide to Premier within ten (10) days from the date of this Stipulated Permanent Injunction a written list of: (1) each project for a customer for whom Defendants: (i) began work prior to the date of termination of the Franchise Agreements (i.e., July 11, 2023) (the "Termination Date") but completed the project after the Termination Date or (ii) began the project after the Termination Date and completed the project prior to the date of this Stipulated Permanent Injunction (the "Completed Projects"); and (2) each project for a customer for whom Defendants began work either prior to the Termination Date or after the Termination Date which was not completed prior to the date of this Stipulated Permanent Injunction (the "Uncompleted Projects"); and

2. notify the customers of (i) all Completed Projects and (ii) all Uncompleted Projects which are not going to be completed by Defendants, in writing

- 6 -

within fourteen (14) days of this Stipulated Permanent Injunction, with a copy to Premier, that Defendants ceased to be (and no longer are) connected or affiliated in any manner with Premier as of the Termination Date, and that any work on the Completed Projects or the Uncompleted Projects after the Termination Date was not done while Defendants were connected or affiliated in any manner with Premier.

Furthermore, as a sole exception to this Stipulated Permanent Injunction, and only if done in strict compliance with the terms of this Stipulated Permanent Injunction, Defendants shall be permitted to complete work on any Uncompleted Project so long as Defendants:

1. provide to Premier within ten (10) days of this Stipulated Permanent Injunction a written list of all Uncompleted Projects to be completed by Defendants;

2. complete any Uncompleted Project on the list within three (3) months of the date of this Stipulated Permanent Injunction;

3. complete any Uncompleted Project on the list without any use of the phrase "a passion for splashin'," the name "Pinnacle," the name "Pinnacle Pools & Spas," the name "Premier," the name "Premier Pools & Spas," or any other registered trademark of Premier, any related logos or any variations thereof or any names/logos confusingly similar thereto; and

4. provide, prior to the commencement of any work to complete any Uncompleted Project on the list, a notice to the customer that Defendants

are no longer connected or affiliated in any manner with Premier, that any work on the Uncompleted Projects after the Termination Date was not done while Defendants were connected or affiliated in any manner with Premier, and that the work done by Defendants to complete the Uncompleted Project will not be connected or affiliated in any manner with Premier.

IT IS FURTHER ORDERED that in the event Defendants fail to comply in any respect with this Stipulated Permanent Injunction, the Court shall enforce this Stipulated Permanent Injunction. The prevailing party in any action to enforce this Stipulated Permanent Injunction shall, in addition to all other remedies to which it may be entitled, be entitled to recover from the other party its costs and expenses, including but not limited to, attorneys' fees.

IT IS FURTHER ORDERED that nothing in this Stipulated Permanent Injunction is intended to preclude Premier from seeking any other relief to which it may be entitled as a result of a failure by Defendants to comply with the terms of the Franchise Agreements and/or this Stipulated Permanent Injunction.



EXHIBIT A:

**ORDERED** in Orlando, Florida, on March 3, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record